UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:  07-20534-CR-UNGARO (s)(s)

**UNITED STATES of AMERICA,**
  Plaintiff,

v.

**TRIMYKO MUNNINGS,**
  Defendant.
_____ /

**DEFENDANT'S MOTION IN LIMINE
AND REQUEST FOR REMOVAL OF PREJUDICIAL A.K.A. FROM INDICTMENT**

The defendant, Trimyko Munnings, by and through C.J.A. counsel of record, Peter T. Patanzo, Esq., and the Law Offices of Benjamin & Aaronson, P.A., pursuant to Rule 12(b)(2) of the Federal Rules of Criminal Procedure, the Due Process Clause of the United States Constitution and Rule"s 402 & 403 of Evidence, respectfully files this defense motion to delete from the indictment, A.K.A. "Killer Boy" as alleged and exclude from trial any reference to this AKA or attempt by the government to label the defendant as such, as this AKA in this instance cannot be seen as anything but unfounded, improper character evidence with no probative value and prejudicial in it's most severe form;

   1.  The defendant has been Indicted in count I.... "with knowingly, and intentionally combine, conspire, confederate and agree with each other to use and cause another to use any facility of interstate commerce, with the intent that the murder of Mahmoud Elchami be committed in violation of State Law for pecuniary value, to wit US Currency, with the death of Mahmoud Elchami resulting; in violation of Title 18 USC §1958(a).

2. The defendant was charged along with co-defendant's Terlonge, Jones, Laing and Delorme. The arranger, Mr. Terlonge along with Mr. Jones have entered a plea, sentenced to life in prison and are cooperating witnesses for the government.

3. The defendant, Mr. Delorme and alleged shooter Mr. Laing, have been scheduled for trial on March 1, 2009.

4. It is alleged by the government that Mr. Munning's involvement in this conspiracy occurred prior to the homicide and by the government's evidence his involvement concluded at least eight (8) days prior to the homicide.

5. The government has included within the second superseding indictment an AKA for the defendant as "killer boy".

6. Respectfully, the defendant does request that this AKA be removed from the indictment and does seek now an order from the court excluding any testimony regarding this AKA or allow the government to characterize the defendant as a "killer boy", as this assertion is unfounded without any facts to support such a claim and prejudicial such that the defendant can not get a fair trial.

7. The government has not provided any evidence, including 404(b) evidence, to suggest such an assertion is relevant or admissible under any other theory.

8. Included within the government's discovery is a video recorded statement where law enforcement and the defendant discuss a tattoo of "killer boy" on the defendant's arm which is explained by the defendant. The defense would move to exclude those portions of the statement if the government is going to admit such evidence at trial.

9. Federal Rule of Evidence 401 defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the

action more probable or less probable than it would be without the evidence". Fed.R.Evid. 401.

10. Under 403, otherwise relevant evidence may be excluded if "its probative value is substantially outweighed by the danger of unfair prejudice...." Rule 403 is an "extraordinary remedy," *United States v. Utter*, 97 F.3d 509, 514 (11th Cir. 1996), and carries a "strong presumption in favor of admissibility." *United States v. Church*, 955 F.2d 688, 703 (11th Cir. 1992).

11. "Rule 403 is not to equated with testimony simply adverse to the opposing party." *Dollar v. Long Mfg., Inc.*, 561 f.2d 613, 618 (5th Cir.1977). Unfair prejudice within its context means an undue tendency to suggest decision on an improper basis, commonly though not necessarily, an emotional one." Fed.R.Evid. 403, advisory committee's note.

12. The defendant would first state that the AKA cannot be seen as anything other than evidence of a prejudicial nature and if allowed would have an impact on the jury's perception and view of the evidence which would have a direct bearing on their verdict and Mr. Munning's fundamental right to a fair trial.

13. The AKA has no evidentiary value this case. The defendant's involvement concluded eight days prior to the homicide. There is no evidence that the defendant had any participation in the carrying out of or participation in the killing in this case.

14. The government has not provided any other evidence to suggest that this AKA has any other meaning than that explained by the defendant in his statement which has nothing to do with any prior murders, killings or any other violent acts.

15. The government has not provided any 404(b) evidence to suggest that this AKA would have any relevance or otherwise be admissible under any other theory.

16.  Being referred to as "killer boy" at trial will so unfairly prejudice the defendant that he cannot get a fair trial.

*Respectfully submitted;*
*S/ Peter T. Patanzo*
Peter T. Patanzo, Esq., Fla. Bar No: 174645
ppatanzo@bellsouth.net
Benjamin & Aaronson, P.A.
1 Financial Plaza, suite 1615
Ft. Lauderdale, Florida 33394
telephone:  (954) 779-1700
facsimile:   (954) 779-1771
Attorney for defendant / Trimyko Munnings

**CERTIFICATE OF SERVICE**

*I HEREBY CERTIFY* that a true and accurate copy of the aforementioned has been efiled EM / ECF with Clerk of Courts and provided upon the service list including the Assistant United States Attorney, Marcus Christian, 99 Northeast 6th Street, Miami, Florida 33132, this 1st day of January, 2010.

*s/: Peter T. Patanzo*
Peter T. Patanzo, Esq.