UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 07-20534-CR-UNGARO/TORRES

UNITED STATES OF AMERICA,

    Plaintiff,

v.

TRIMYKO JERANN MUNNINGS,

    Defendant.

_____/

**REPORT AND RECOMMENDATION ON PETITION
FOR REVOCATION OF SUPERVISED RELEASE**

This matter is before the Court on the government's Petition for Revocation of Supervised Release ("Petition"). [D.E. 474].[1] The government alleges that Defendant Trimyko Jerann Munnings ("Defendant") violated conditions of his supervised release and requests that his term of supervised release be revoked. An evidentiary hearing was held on this matter on May 6, 2014. Having carefully considered the government's Petition, the testimony of the witnesses at the hearing, the arguments of counsel, and upon a complete review of the record, the Court finds that Defendant did violate two conditions of his supervised release and, accordingly, recommends that the Petition be GRANTED in part and that Defendant's term of supervised release be revoked.

---

[1] The Honorable Ursula Ungaro referred this matter to the undersigned Magistrate Judge. [D.E. 482].

## I.   FACTUAL FINDINGS

### A.   *Procedural Background*

On July 28, 2010, as a result of being charged with conspiracy to use and cause another to use a facility of interstate commerce to commit murder for hire under 18 U.S.C. § 371, a Class D felony, Defendant was sentenced to 60 months imprisonment followed by a two-year term of supervised release with conditions. Defendant's supervised release commenced on January 6, 2012. On March 20, 2013, the Court modified Defendant's term of supervised release to include 90 days of location monitoring in response to Defendant being arrested for driving while license suspended on two separate occasions.

The government's Petition alleges that Defendant committed four violations of his supervised release in support of its request that his term of supervised release be revoked. Specifically, the government alleges Defendant: (1) violated a mandatory condition of his supervised release by failing to refrain from a violation of the law by, on or about December 4, 2013, committing the offense of Battery contrary to Fla. Stat. § 784.03(1)(a)(2); (2) violated a mandatory condition of his supervised release by failing to refrain from a violation of law by, on or about December 5, 2013, being arrested on a bench warrant for Driving while License Suspended Knowingly, contrary to Fla. Stat. § 322.34(2); (3) violated a standard condition of his supervised release by failing to timely notify the probation office of a change in his residence; and (4) violated a standard condition of his supervised release by failing to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer, stemming

from his arrest on or about December 5, 2013 by Miami-Dade Police and failing to advise his probation officer of same until December 19, 2013. The evidentiary hearing was conducted upon these violations.

### B.     *Facts in the Record*

The government's first witness, Divanna Marielle Mejia ("Mejia"), Defendant's ex-girlfriend and the mother of the their daughter who was born in early 2013, testified that on December 4, 2013, she stopped at Wal-Mart at approximately 6:30 p.m. to pick up a bag from her mother (who works at Wal-Mart) and then returned home. The bag contained a dress for Mejia's daughter to wear for her holiday pictures the following day as well as two bras that Mejia's mother purchased for Mejia. Mejia testified that Defendant was furious that her mother purchased the bras for her. Defendant insisted that Mejia immediately call her mother and tell her not to buy Mejia anything any more. After multiple attempts to reach Mejia's mother by calling her cellular phone and Wal-Mart were unsuccessful, Defendant insisted that Mejia accompany him to Wal-Mart to speak with Mejia's mother in person. Mejia refused to comply. Defendant told Mejia, who was holding their daughter, to put their daughter down and then began to hit Mejia's head with a closed fist five to six times. Mejia covered her head with her arms but eventually fell to the floor.

Mejia testified that the following day, December 5, 2013, she left the apartment in the morning with her daughter and dropped her at daycare. During Mejia's afternoon lunch break, she went to a nearby police department and filed an incident report at which time a police officer took pictures of Mejia's swollen and bruised hands

and arms. Following her visit to the police station, Mejia went to a nearby courthouse and obtained a temporary injunction against Defendant, which, among other things, prohibited Defendant from contacting Mejia, granted Mejia on a temporary basis 100% custody of their daughter, and awarded her the temporary and exclusive use and possession of their shared apartment. Also on December 5, 2013, Miami-Dade Police served Defendant with the temporary injunction.

## II.   ANALYSIS

### A.   *Applicable Legal Principles*

In order to modify the conditions of a defendant's supervised release, the Court must find by a preponderance of the evidence that the defendant violated a condition of supervised release. *See* 18 U.S.C. § 3583(e)(4). The evidence need only reasonably satisfy the court that the defendant did not comply with the conditions of his supervised release, and proof establishing his guilt beyond a reasonable doubt is not required. *See United States v. Robinson*, 893 F.2d 1244, 1245 (11th Cir. 1990). The reasons for revoking supervised release and the evidence the court relies upon should be either formalized in written findings or orally announced and recorded or transcribed. *See United States v. Copeland*, 20 F.3d 412, 414 (11th Cir. 1994).

### B.   *Commission of an Offense While on Supervised Release*

The government alleges that Defendant violated the condition of his supervised release that prohibited him from committing other crimes, by committing battery. Under Florida law:

The offense of battery occurs when a person:

1. Actually and intentionally touches or strikes another person against the will of the other; or

2. Intentionally causes bodily harm to another person.

Fla. Stat. § 784.03(1)(a).

Based on Mejia's credible testimony of the events of December 4-5, 2013 and the lack of any evidence or testimony whatsoever to the contrary, we find that the government met its burden of establishing by a preponderance of the evidence that Defendant committed the offense of battery against Mejia on or about December 4, 2013. *See* 18 U.S.C. § 3583(e)(3) (to revoke a defendant's supervised release, the court must find by a preponderance of the evidence that the defendant violated a condition of supervised release). Additionally, Defendant, at the hearing, admitted to violating a standard condition of his supervised release by failing to notify his probation officer within 72 hours of being arrested or questioned by a law enforcement officer, stemming from his arrest on or about December 5, 2013 by Miami-Dade Police and failing to advise his probation officer of same until December 19, 2013.

The government also alleges in the Petition that Defendant violated a standard condition of his supervised release by failing to timely notify the probation office of a change in his residence. The testimony offered by William Sinclair, Defendant's probation officer, in support of this allegation, however, is too nebulous to support a finding that Defendant committed the violation. Accordingly, we find that the government has not met its burden of establishing by a preponderance of the evidence that Defendant violated his supervised release by failing to timely notify the probation

office of a change in his residence.  Additionally, the government moved at the hearing to dismiss the second violation of the Petition.

### III.     CONCLUSION AND RECOMMENDATION

Based on the foregoing, the undersigned Magistrate Judge hereby **RECOMMENDS** that the Petition for Revocation of Supervised Release [D.E. 474] be **GRANTED in part**, only as to violations (1) and (4), and that Defendant's term of Supervised Release be revoked.  Violations (2) and (3) as alleged in the Petition should be dismissed.

Pursuant to Local Magistrate Rule 4(b), the parties have fourteen (14) days from the date of this Report and Recommendation to serve and file written objections, if any, with the Honorable Ursula Ungaro, United States District Judge.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the report and bar the parties from attacking on appeal the factual findings contained herein.  *R.T.C. v. Hallmark Builders, Inc.,* 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404, 410 (5th Cir. Unit B 1982) (en banc); 28 U.S.C. § 636(b)(1).

**DONE AND SUBMITTED** in Chambers at Miami, Florida, this 7th day of May, 2014.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge